# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    **CASE NO: 6:22-cr-201-WWB-LHP**

**EVAN EDWARDS**

_____

## AMENDED ORDER[1]

On December 7, 2022, a grand jury returned an indictment charging Defendant Evan Edwards with one count of conspiracy to commit bank fraud, one count of bank fraud, and two counts of visa fraud, in violation of 18 U.S.C. § 1349, 18 U.S.C. § 1344, and 18 U.S.C. § 1546(a), respectively.   Doc. No. 1.   Evan Edwards was arrested on December 14, 2022, and an initial appearance proceeding pursuant to Fed. R. Crim. P. 5 was conducted before United States Magistrate Judge David A. Baker that same day.   Doc. Nos. 9, 11.

During the course of the Rule 5 proceedings, Magistrate Judge Baker determined that there was a question as to Evan Edward's mental competency to proceed.   Doc. Nos. 9, 14.   Accordingly, Magistrate Judge Baker continued the Rule 5 proceedings, provisionally appointed counsel pursuant to the Criminal

---

[1] This Order is amended solely to change the name of the Bureau of Prisons designated facility.

Justice Act, and ordered Evan Edwards temporarily detained and committed to the custody of the United States Marshal for provision of medical care.   Doc. Nos. 9, 17, 21, 25-26. [2]   Since that time, Evan Edwards has remained in custody while receiving medical care at Orlando Regional Medical Center ("ORMC").

Magistrate Judge Baker held a status conference with counsel on December 21, 2022, and on December 27, 2022 Magistrate Judge Embry J. Kidd held a continuation of the Rule 5 hearing via the online Zoom platform, and attempted to conduct an arraignment.   Doc. Nos. 27, 33.   Magistrate Judge Kidd was able to complete a portion of the Rule 5 proceedings – he advised Evan Edwards of his rights, and summarized the charges and the potential penalties – but was unable to go forward with any further proceedings or the arraignment.   Doc. No. 33. Magistrate Judge Kidd thereafter held status hearings with counsel on December 28, 2022, and January 4, 2023, ordered ORMC to release Evan Edwards' medical records to counsel, and on January 6, 2023, appointed Dr. Ryan C. W. Hall, M.D., DFAPA, to examine Evan Edwards pursuant to 18 U.S.C. §§ 4241 and 4247(b). Doc. Nos. 42, 45, 48, 50.

---

[2] Magistrate Judge Baker initially provisionally appointed the Federal Public Defender to represent Evan Edwards, but based on a conflict of interest, authorized the Federal Public Defender's withdrawal, and provisionally appointed Attorney A. Brian Phillips under the Criminal Justice Act on December 20, 2022.   Doc. Nos. 17, 24-26. Attorney Phillips continues to represent Evan Edwards to date.

On January 16, 2023, Dr. Hall submitted his expert report, in which he opines that Evan Edwards is currently incompetent to proceed.   Doc. No. 58 (filed under seal).   Counsel for Evan Edwards objected to Dr. Hall's findings, and filed a motion for detention hearing.   Doc. No. 56.   The United States noted its agreement with Dr. Hall's findings, and requested that a hearing be set to address competency, with a commitment order under 18 U.S.C. § 4241(d) to follow.   Doc. No. 57.

By this point, the case had been reassigned to the undersigned, and I scheduled a status conference with counsel for January 26, 2023.   Doc. No. 59. After hearing from both sides, I directed the parties to file briefing on the question of whether a detention hearing constitutes a critical stage of the prosecution such that there must be a determination of competency pursuant to 18 U.S.C. § 4241(a) before the Court can proceed to a hearing under 18 U.S.C. § 3142.   Doc. Nos. 60-61. I also directed the United States to provide an update on Evan Edwards' medical condition, specifically with respect to whether he could be medically released from ORMC.   *Id.*

The parties timely-filed the requested briefing.   Doc. Nos. 65, 78-79.   *See also* Doc. No. 66 (filed under seal).   In the meantime, the United States Marshals Service designated Evan Edwards to the Columbia Regional Care Center (the "Care Center") in Columbia, South Carolina, which provides a program for inmates and detainees with complex medical issues.   *See* Doc. No. 65.   As of the writing of this

Order, Evan Edwards has not yet been transported to the Care Center, but his transfer is imminent.   In response to this information, defense counsel filed a time-sensitive motion to prohibit Evan Edwards' transfer, arguing that the transfer would (1) divest Evan Edwards of any meaningful Sixth Amendment access to counsel; (2) divest him of reasonable access to visitors; (3) needlessly increase the time and expense of further proceedings, including an anticipated adversarial competency evidentiary hearing; and (4) impair the orderly progress of the case. Doc. No. 77.   The United States has filed a response in opposition, Doc. No. 82, and the motion to prohibit transfer, along with the motion for detention hearing, Doc. No. 56, are both now ripe for disposition.

The Court addressed both motions with counsel at a status hearing on February 23, 2022.   Doc. Nos. 81, 83.   Special Deputy United States Marshal Mike McClung also appeared via telephone.   Doc. No. 83.   After a robust discussion with counsel, and for the reasons stated on the record, the Court made the following rulings, which are memorialized herein:

1.    The Motion to Prohibit Transfer of Defendant Evan Edwards by the United States Marshal Service (Doc. No. 77) is **DENIED WITHOUT PREJUDICE**. Defendant may reassert this request, if necessary and appropriate, following completion of the proceedings set forth in this Order.

2.     The Motion for Detention Hearing (Doc. No. 56) is **DENIED WITHOUT PREJUDICE.**   The Court finds that a detention hearing is a critical stage of the proceedings, such that if reasonable cause exists that a defendant is presently suffering from a mental disease or defect rendering him or her mentally incompetent, the Court must proceed with competency proceedings before moving forward with any other stages of the case.   *See., e.g.*, *United States v. Arenburg*, 605 F.3d 164 (2d Cir. 2010); *United States v. McCrary*, 569 F.2d 429 (6th Cir. 1978); *United States v. Pinto*, Case No. 6:17-cr-68-RBD-KRS, Doc. No. 11 (Feb. 1, 2017); *United States v. Meyer*, Case No. 2:11-cr-43-FtM-29SPC, 2011 WL 1519724 (Apr. 20, 2011); *United States v. Moser*, 541 F. Supp. 2d 1235 (W.D. Okla. 2008); *United States v. Sloan*, 820 F. Supp. 1133 (S.D. Ind. 1993).   *See also United States v. Peppi*, Crim. No. 06-157 (AET); 2007 WL 674746 (D.N.J. Feb. 28, 2007).   Defendant may reassert his request for a detention hearing following completion of the competency proceedings, if necessary and appropriate.

3.     As previously found by both Magistrate Judge Baker and Magistrate Judge Kidd, and as counsel for both sides agree, the Court finds that there is reasonable cause to believe that Evan Edwards may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.   *See* 18 U.S.C. § 4241(a).   Accordingly,

Evan Edwards is committed to the custody of the Attorney General for placement at a suitable facility to conduct a psychiatric or psychological examination of Evan Edwards, and to prepare and submit to the Court and all parties a psychiatric or psychological report assessing "whether [Evan Edwards] is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §§ 4247(b), (c). *See also* 18 U.S.C. §§ 4241(b). Given Evan Edwards' extensive medical issues and based on the representations made during the February 23, 2023 status conference, the Court finds that a "suitable facility" is the Federal Medical Center in Butner, North Carolina ("FMC Butner").

4.     The term of commitment shall be for a reasonable period, not to exceed thirty (30) days. 18 U.S.C. § 4247(b). The Attorney General may request, on motion to the Court, an additional reasonable period of time for evaluation, not to exceed fifteen (15) days, upon a showing of good cause that the additional time is necessary to observe and evaluate Evan Edwards. *Id.*

5.     The Clerk is **DIRECTED** to provide a copy of this Order to the United States Marshals Service. It is **ORDERED** that the United States Marshals Service shall promptly advise the Court and counsel for the parties once the Attorney General has designated a facility for Evan Edwards' evaluation. Because Evan

Edwards remains detained, the United States Marshal is further **DIRECTED** to transport Evan Edwards to the designated facility.  And given Evan Edwards' medical conditions, the United States Marshal is also **DIRECTED** to notify **the Court** when Evan Edwards' transport commences, and when he arrives at FMC Butner.

     **DONE** and **ORDERED** in Orlando, Florida on February 24, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
Counsel for Defendant