# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                             Case No.:  6:22-cr-00201-AGM-LHP

**JOSHUA EDWARDS,**

    **Defendant.**

## ORDER

THIS CAUSE comes before the Court on the parties' Renewed Joint Motion to Continue Trial (doc. # 337; the "Renewed Motion") filed on January 16, 2026.  Prior to the filing of the Renewed Motion, counsel for the government and the Defendant filed a Joint Motion to Continue trial (doc. # 319; the "Initial Motion") on December 17, 2025.  In the Initial Motion, counsel for the government and the Defendant asserted that the United States offered the Defendant a plea agreement, the Defendant had recently expressed a desire to resolve the case without proceeding to trial, and, given the complexity of the case and the needs of the Defendant, both parties required additional time to prepare for trial.  (*Id.* at 2–3.)  The Initial Motion further stated that counsel experienced challenges in preparing for a trial on the January 2026 trial docket due to complications with intervening holidays and efforts to locate and prepare witnesses, some of whom reside out of the country.  (*Id.* at 3.)  The Initial Motion represented that defense counsel did not have sufficient time to prepare the Defendant for trial, unless the Court was available to try the case the last week in January 2026.  (*Id.*)

Thereafter, the Court set the case for a trial date certain in the last week of January 2026, as requested. (Doc. # 321.) The parties then filed a Third Joint Motion to Continue Trial (doc. # 322; the "Third Motion") on January 13, 2026. The Third Motion represented that the AUSA assigned to the case learned that she would have an important surgery on January 28, 2026. (*Id.* at 2–3.) The USAO internally reassigned this case to another AUSA due to that surgery, and the newly-assigned AUSA then experienced the death of a close family member and was expected to be out of the office until January 16, 2026. (*Id.* at 3.) The Third Motion further stated that a case agent had been reaching out to various witnesses, most of whom are out of state, to confirm their appearance and significant witnesses expressed difficulty or an inability in attending the trial on the requested date in January 2026. (*Id.* at 3.) Counsel represented that the parties' efforts to resolve the case without the need for trial had resumed, and yet ongoing difficulties with communicating with the Defendant would likely require that a successful colloquy would take more than one attempt. (*Id.* at 4.) The Third Motion was denied without prejudice (doc. # 324).

In the Renewed Motion, the parties once again request that the January 2026 trial be continued. (Doc. # 337 at 7.) They request that the trial be moved to the April 2026 trial term so that the Defendant may be afforded a final opportunity to resolve the case without proceeding to trial. (*Id.*) In support of the Renewed Motion, counsel for the government and the Defendant emphasize their need for the continuance and they represent that the Defendant has expressly verbalized his desire to continue the trial date to the April 2026 trial term so that he will have time to ultimately resolve this case with a plea. The Renewed Motion represents that the Defendant has further expressed that he does not want to sign any

documents without first speaking to his family. (*Id.* at 5–6.) On this basis, the parties requested that the Court make an "ends of justice" finding and continue the case without the Defendant's written waiver of speedy trial.

"An attorney, acting without consent from his client, may waive his client's right to a speedy trial because '[s]cheduling matters are plainly among those [decisions] for which agreement by counsel generally controls.'" *Fayson v. Sec'y, Fla. Dep't of Corr.*, 568 F. App'x 771, 773 (11th Cir. 2014) (quoting *New York v. Hill,* 528 U.S. 110, 115 (2000)). Considering the foregoing, defense counsel's consent to the continuance is sufficient even in the absence of a written waiver signed by the Defendant.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. The Renewed Joint Motion to Continue Trial (doc. # 337) is **GRANTED**;

2. For the reasons stated in the motions to continue, including that the lead AUSA assigned to this case must have surgery; another AUSA subsequently assigned to the case experienced a death in the family and is not expected to return to the office with sufficient time to prepare for the trial; significant witnesses are unavailable for a trial in the last week of January 2026; counsel require additional time to prepare for trial; the Defendant requires additional time to consult with his family before signing a plea agreement; failure to grant the continuance would deny the government continuity of counsel; the parties represent that the presence of witnesses cannot be obtained by due diligence; and failure to grant the continuance would deny defense counsel the reasonable time necessary to effectively prepare

for trial, the Court finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the Defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court, therefore, determines that the time from today until April 30, 2026 shall be "excludable time" pursuant to 18 U.S.C. § 3161(h);

3. This case is **STRICKEN** from the January 2026 trial calendar; and

4. This case is **CONTINUED** to the April 2026 trial term and **SCHEDULED** for an in-person status conference at 11:30 a.m. on February 10, 2026 before the undersigned in Courtroom 3B, George C. Young United States Courthouse in Orlando, Florida.

**DONE** and **ORDERED** in Chambers this January 21, 2026.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of Record